IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| AARON CHARLES HILL | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv526 |
| D. GROSZ, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Aaron Charles Hill, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against D. Grosz, an assistant disciplinary counsel employed by the State Bar of Texas, Bryan Collier, the director of the TDCJ-CID, former Jefferson County District Attorney Bob Wortham, Jefferson County Sheriff Zena Stephens, Judge Raquel West, Sean Christopher Villery, Jefferson County District Clerk Jamie Smith, the Jefferson County District Clerk's Office and the Beaumont Police Department. This matter has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636.

Factual Allegations

Plaintiff alleges that on July 18, 2017, he was arraigned at the Jefferson County Correctional Facility. He was told that Sean Villery-Samuel had been appointed to represent him. Plaintiff states he was brought to the courthouse in October, 2017, and January, 2018. However, he was returned to the correctional facility because his case was reset. He asserts that he had not been visited by his attorney while he was awaiting trial.

Plaintiff was again brought to court on March 19, 2018. He states that this time he was brought into the courtroom, where he appeared before Defendant West to discuss details about going to trial. Plaintiff states that in an attempt to fire defendant Villery, he complained to defendant West that defendant Villery had not been to see him and could not be ready for trial. He states Defendant West told him that Defendant Villery's failure to meet with him did not mean Defendant Villery was not working on his case.

Plaintiff alleges that on March 20, 2018, he was coerced into pleading guilty to a crime, which resulted in a sentence of 15 years of imprisonment. He states that in court an assistant district attorney asked the court to make an affirmative finding that a deadly weapon was used in the offense. Plaintiff contends this finding was not part of the plea agreement.

Plaintiff states he was disappointed in the performance of defendant Villery and filed a grievance with the State Bar of Texas. He received a letter from Defendant Grosz stating his grievance was being returned to him because the Bar did not have a record for Sean Villery Samuel as a licensed attorney. Plaintiff states he subsequently determined that defendant Villery was listed as Sean Christopher "Sean" Villery on the roll of the State Bar.

In an amended complaint, Plaintiff alleges defendant Smith and the District Clerk's Office improperly certified and filed documents listing his attorney as Sean-Villery Samuel. Plaintiff references his Judgment of Conviction by Court–Waiver of Jury Trial which lists his attorney as being Sean Villery-Samuel. In a subsequent amended complaint, plaintiff asserts the Beaumont Police Department recklessly investigated his case, deprived him of his right to a fair trial and fabricated evidence against him.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court must dismiss a complaint filed by a prisoner if it determines the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief ." "A district court may dismiss as frivolous the complaint of a prisoner proceeding [*in forma pauperis*] if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

<u>Analysis</u>

*Claim Against Defendant West*

Judicial officers are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). The alleged magnitude of the judge's errors or the mendacity of her acts is irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9 (1991). The acts of a judge are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity. *Id*. at 12.

The actions plaintiff alleges were taken by defendant West were taken by her in her judicial capacity while presiding over plaintiff's criminal case. There is no indication defendant West did not have jurisdiction to preside over plaintiff's case. As a result, Defendant West is immune to any claim for damages from plaintiff.

*Prosecutorial Immunity*

In addition, criminal prosecutors enjoy absolute immunity from claims for money damages asserted under Section 1983 for actions taken in the presentation of a criminal case. *Graves*, 1 F.3d at 318 n. 9. As the Supreme Court stated:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial . . . .

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Any claim plaintiff may have against defendant Wortham would be based on actions taken in connection with the prosecution of plaintiff's criminal case, actions for which defendant Wortham has prosecutorial immunity. Plaintiff has therefore failed to state a claim upon which relief may be granted against defendant Wortham.

*Claim Against Defendant Villery*

Plaintiff alleges defendant Villery failed to properly represent him in connection with his criminal case. However, in order to state a cause of action under Section 1983, a plaintiff must allege that the person who deprived him of a federal right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Mannax v. McNamara*, 842 F.2d 808, 812 (1988). A private attorney such as defendant Villery generally does not act under color of state law. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). As a result, plaintiff's claim against Defendant Villery does not state a cause of action under Section 1983 and should be dismissed for failure to state a claim upon which relief may be granted.

*Heck v. Humphrey*

As explained below, the claims plaintiff asserts against defendants Wortham, Stephens, West and the Beaumont Police Department are subject to dismissal under the doctrine established in *Heck v. Humphey*, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in a suit brought pursuant to 42 U.S.C. § 1983 must prove that the incarceration, conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id*. at 486-87. A claim for money damages based on an incarceration, conviction or sentence that has not been so invalidated does not establish a cause of action under Section 1983. The principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to Section 1983 actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. *Id*. at 487.

As a result, when a state prisoner seeks damages in a Section 1983 suit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the incarceration, conviction or sentence. If it would, the complaint must be dismissed unless the

plaintiff can demonstrate that the incarceration, conviction or sentence has already been invalidated. *Id.* Even a prisoner who has fully exhausted available state remedies has no cause of action under Section 1983 unless and until the incarceration, conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Id.* If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id.*

Plaintiff does not allege his criminal conviction has been reversed, expunged, invalidated or otherwise called into question. A finding in plaintiff's failure with respect to his claims against defendants Wortham, Stephens, West and the Beaumont Police Department would necessarily call into question the validity of his conviction and incarceration. As a result, any claim plaintiff might have against these defendants is barred by *Heck* and fails to state a claim upon which relief may be granted.

*Claim Against Defendant Grosz*

Plaintiff alleges defendant Grosz failed to properly consider a grievance he filed against defendant Villery. However, plaintiff does not have a cognizable liberty interest in the procedures used to consider his grievance or in the ultimate outcome of the proceeding. *Martinez v. The State Bar of Texas*, 797 F. App'x 167, 167-68 (5th Cir. 2020) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 618 (1973)). He has therefore failed to state a claim upon which relief may be granted against defendant Grosz.

*Claim Against Defendant Collier*

To successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). In his pleadings, plaintiff makes no allegations indicating defendant Collier had any involvement in the actions of which plaintiff complains. As a result, plaintiff has failed to state a claim against defendant Collier.

*Claim Against Defendant Smith and District Clerk's Office*

Plaintiff alleges defendant Smith improperly accepted for filing fraudulent documents. Plaintiff specifically cites the judgment in his criminal case which did not contain the correct name of his attorney. Court clerks have "absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). The documents plaintiff states were improperly filed were signed by the court. As a result, defendant Smith was implicitly acting pursuant to the court's order when he filed the documents. Defendant Smith is therefore entitled to immunity and plaintiff has failed to state a claim against him and the Clerk's Office.

## Recommendation

Plaintiff's civil rights action should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).

SIGNED this 22nd day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge